STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney
CHRISTOFFER LEE (CABN 280360)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    daniel.kassabian@usdoj.gov
    christoffer.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-00342 YGR |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION** |
| RAMIRO VELASCO JR., | |
| Defendant. | |

**I.  SYNOPSIS**

In October 2020, Defendant Ramiro Velasco Jr. aka "Rome" brokered the sale between co-Defendant Derek Brian Williams aka "Baby D" and a third party of approximately 883.1 grams (almost two pounds) of pure methamphetamine for $3200.  Accordingly, a grand jury indicted him for a single count of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)—Possession with Intent to Distribute and Distribution of 50 Grams and More of Methamphetamine.

The Government moves for pretrial detention—Defendant Velasco cannot overcome the presumption in this case that no condition, or combination of conditions, exists that will reasonably

assure his appearance at future proceedings and protect the safety of the community.

Defendant Velasco is a danger to the community. Prior to the conduct charged by the indictment, he incurred numerous state felony convictions and served prison time related to possession of controlled substances for sales, possession of a firearm with a gang enhancement, and felony resisting arrest. In 2020, he was arrested in Santa Clara County for being a felon in possession of a firearm. In 2018, he was arrested for several DUIs in Visalia County. In March 2022, he was arrested for possession of a controlled substance after a vehicle stop, and was finally apprehended on additional outstanding warrants from Visalia, Santa Clara, and his federal detainer in this case. Notably, Defendant is still wanted on a 2020 arrest warrant with $100,000 bail for pending state charges in Santa Clara County for being a felon in possession of an unserialized firearm (i.e., a ghost gun). So, there is a risk that the state court remands him to maintain jurisdiction if this Court were to release him.

As demonstrated below, no condition or combination of conditions will reasonably assure Defendant Velasco's appearance at future court proceedings or assure the safety of the community. Defendant Velasco cannot rebut the presumption and show otherwise. Accordingly, the Court should order Defendant Velasco's pretrial detention.

## II.   LEGAL STANDARDS

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Section 3142(e) contains a rebuttable presumption that applies here because (1) the indicted charge is contained in 21 U.S.C. §§ 801 *et seq*. and (2) the indicted charge has a maximum term of imprisonment of at least 10 years. Thus, it is presumed that no condition, or combination of conditions, exists that will reasonably assure the appearance of the person and safety of the community.

Certain charges require a detention hearing, when requested by the Government, to determine whether any condition or combination of conditions will reasonably assure the appearance of such person as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f). A

case charging Possession with Intent To Distribute and Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)—which provides a maximum term of imprisonment of 40 years—requires a detention hearing when requested by the Government.  18 U.S.C. § 3142(f)(1)(C).

In evaluating whether a defendant should be detained pretrial, the court's finding that a defendant is a danger to the community must be supported by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), and the court's finding that a defendant is a risk of non-appearance need only be supported by a preponderance of the evidence, *Motamedi*, 767 F.2d at 1406.  "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)."  *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible.  *Id*.  Consideration of factors outside the articulated factors set forth in section 3142 is also disfavored.  *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II. OFFENSE CONDUCT

In October 2020, Defendant Velasco made phone calls and sent texts over several days to arrange and facilitate co-defendant Williams's sale on October 30, 2020 of almost two pounds—883.1 grams net weight—of pure methamphetamine for $3,200 as shown here.  Defendant Velasco received $200 for facilitating the transaction.  As described below, this was not Defendant Velasco's



first drug sales transaction. His criminal history is replete with prior drug sales arrests/convictions, in addition to gang membership and a concerning pattern of firearms offenses.

### III. CRIMINAL ACTIVITY AND HISTORY AND CHARACTERISTICS OF DEFENDANT

#### A. Criminal Convictions

Defendant Velasco has an extensive criminal history. In 2008, Defendant was convicted for possession of cocaine for sale (Cal. Health & Safety Code § 11351) and sentenced to state prison. In 2011, Defendant was convicted of felon in possession of a firearm with a street gang enhancement and prison prior enhancement (Cal. Penal Code § 12021(a)), resulting in a five-year prison sentence. His criminal records report indicates Defendant also was charged with a parole violation in 2012. Defendant has multiple arrests/convictions for drug possession. In 2015, Defendant incurred a felony conviction for violating Penal Code § 69, which prohibits a defendant from (1) attempting, by means of any threat or violence, to deter or prevent a police officer from performing a duty or (2) knowingly resisting or using force or violence to resist the officer in the performance of their duty. See CALCRIM 2652. Shortly thereafter, it appears Defendant incurred a violation of post-release community supervision.

On May 28, 2018, Defendant was arrested for DUI (Cal. Veh. Code § 23152) in Visalia, California, and was arrested again for DUI on July 6, 2018. Warrants were presumably issued for Defendant for these misdemeanor charges because he was arrested in Santa Clara County on February 20, 2020 for outstanding warrants and bailed to Visalia, CA. These charges remained unresolved until April 2022 when Defendant was arrested for possession of cocaine during a traffic stop in Visalia, CA in March 2022, and officers discovered outstanding $25,000 warrants on at least one of these DUI cases, amongst other warrants.

Of particular concern, in May 2020, Defendant was arrested in Santa Clara County for unlawful firearms possession; this case is currently active and Defendant has a warrant for his arrest. The facts and circumstances are discussed in detail below.

#### B. Membership In San Jose Grande Street Gang, An Indicted RICO Enterprise

Defendant Velasco is a member of San Jose Grande (SJG), a Norteño street gang formed in San Jose, California, in the 1990s, which is comprised of dozens of members operating primarily in and around San Jose (including the area near and around Backesto Park), as well as in custodial facilities.

He has the tattoo "SAN JOSE GRANDE" across his abdomen, and uses the gang moniker "Rome" for his gang activities, including the instance offense. Defendant confirmed to San Jose Police Department officers during his May 2020 arrest that he claimed "Grande," although he reported that he was no longer active.

SJG members commit a wide variety of crimes for the benefit of SJG, as well as for the benefit of Norteños and the Nuestra Familia criminal organization generally. These crimes include, but are not limited to, murder, conspiracy to commit and attempted murder, robbery, obstruction of justice, witness intimidation, distribution of narcotics, and various firearms offenses. *See, e.g.*, No. CR-21-00312 EJD (indictment against six other SJG members, not Velasco, alleging a pattern of racketeering activity consisting of offenses involving (1) the distribution of controlled substances, (2) acts involving robbery; and (3) acts involving murder).

**C.    Pending State Charges For Felon In Possession Of Firearm**

In addition to the offense before this Court, Defendant Velasco faces several felony charges in Santa Clara County Superior Court, case no. C2015174. A warrant for his arrest with bail at $100,000 has been outstanding since November 2020. He is charged in that case with being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), having a loaded firearm in a vehicle (Cal. Penal Code § 25850(a)), being a felon in possession of ammunition (Cal. Penal Code § 30305(a)(1)), and transporting marijuana (Health & Safety Code § 11360(b)).

On May 5, 2020, San Jose Police Department officers conducted a car stop for no front license plate and expired registration of a car that Defendant Velasco was driving while his driver license was suspended. There was a female passenger next to him in the vehicle. Defendant Velasco claimed to only have marijuana on him. A strong odor of marijuana resulted in a search for controlled substances, resulting in officers finding 30 g of marijuana, 8 individual empty baggies, and $7,458 located inside of the vehicle. More significantly, officers located a loaded black, unserialized Polymer80 handgun ("ghost gun") in a purse behind the passenger seat—i.e., accessible to Defendant Velasco. Prior to contacting the occupants, officers observed Defendant reach into the back of the vehicle, which based on their training and experience was consistent with an effort to conceal contraband. Both Defendant and the female passenger were arrested and later charged with offenses related to unlawful firearms and

ammunition possession and transporting marijuana on November 17, 2020.

## IV. SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION

Under 18 U.S.C. § 3142(g)(1), the nature and circumstances of the charged offense weigh in favor of detention. Defendant Velasco's conduct charged here is serious. He facilitated the sale of almost two pounds of pure methamphetamine. This was not an isolated incident given Defendant Velasco's prior conviction for sale of a controlled substance prior to the indicted conduct.

Under section 3142(g)(2), the weight of the evidence favors detention. A grand jury indicted Defendant Velasco for violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (imposing mandatory minimum sentence of five years and permitting statutory maximum sentence of 40 years). A grand jury indictment is sufficient to establish probable cause for the purposes of invoking section 3142(e)'s rebuttable presumption. *See, e.g., United States v. Ward*, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999). Evidence of Defendant Velasco's guilt and likely lengthy period of incarceration "makes it more likely that he will flee," particularly in light of the term of federal imprisonment that Defendant potentially faces here. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (affirming district court finding government met burden of showing flight risk and danger to the community in motion for pretrial detention pending re-trial where defendant faced lengthy period of incarceration). The fact that Defendant Velasco has been previously convicted on similar state charges and received comparatively light sentences amplifies the risk of flight here. In contrast, Defendant Velasco now faces a five-year mandatory minimum and a forty-year maximum sentence in federal prison, with a preliminary guidelines range calculation (assuming total offense level of 34 before adjustments, enhancements, credit for acceptance, and Criminal History Category of VI) of 262-327 months imprisonment.[1] Even if he were to receive a sentence at the bottom of the guidelines range (which is by no means a fait accompli given his criminal history), assuming credit for acceptance of responsibility, he would face over fifteen (15) years in custody, significantly more time than he has ever served before.

Under section 3142(g)(3) and (g)(4), Defendant Velasco's history and characteristics and the

---

[1] This is a preliminary guidelines calculation for the purposes of this detention memorandum only and does not bind the government in future filings or submissions related to sentencing, which may be informed by additional information and the benefit of a presentence investigation.

nature and seriousness of the danger posed to the community upon release favor detention.  Of note, Defendant's past conduct, criminal history, and prior possession of a firearm as a felon, all support that conclusion.  The above shows Defendant Velasco is not amenable to pretrial supervision, poses a serious risk of non-appearance, and is a danger to the community under the section 3142(g) factors.

## V. DEFENDANT IS BOTH A RISK OF NON-APPEARANCE AND DANGER TO THE COMMUNITY

As described above, Defendant's history and characteristics, and his conduct in the instant case, demonstrate the significant danger he poses to the community, and the risk of flight he poses if he were to be released.

Section 3142(e) and the "flight risk" analysis is primarily concerned with reasonably assuring the appearance of the defendant so that the judicial proceedings may proceed.  Defendant has a track record of failing to comply with conditions of release, as indicated by his multiple parole and PRCS violations, as well multiple warrants issued for past and ongoing cases.  The fact Defendant had DUI cases pending between 2018 and March 2022, for which he was convicted only after having been picked up and detained on outstanding arrest warrants, further illustrate he is a danger of non-appearance here.

Defendant is also a danger to the community.  Brokering a sale of nearly two pounds of pure methamphetamine is inherently dangerous.  But Defendant also has a history of drug related convictions, including possession of cocaine for sale, as well as convictions and arrests related to the unlawful possession of firearms, both historical (2015 felon in possession of a firearm with a gang enhancement) and recent (2020 felon in possession arrest in San Jose).  There is still a live warrant for his arrest in the Santa Clara case, so if the Court were to release him, he will presumably have to appear in Santa Clara County to face those charges.  This Court should take into account what other courts have been compelled to do for Defendant Velasco to participate in their proceedings.  There is no reason to believe he will act differently here absent detention.   On this record, Defendant cannot show that any condition or combination of conditions can assure his attendance at the court proceedings in this case.  Moreover, Defendant Velasco's gang affiliation, drug trafficking, and unlawful firearm possession make him a danger to the community.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the government's motion for a detention hearing and further grant the government's motion to detain Defendant pending trial.

DATED: June 7, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
CHRISTOFFER LEE
Assistant United States Attorney