ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    christoffer.lee@usdoj.gov
    daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-00342 YGR |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| RAMIRO VELASCO JR., aka "Rome," | Date: May 11, 2023<br>Time: 10:30 a.m.<br>Ctrm: 1, 4th Floor |
| Defendant. | Judge: The Honorable Yvonne Gonzalez Rogers |

## I. SYNOPSIS

The United States respectfully submits this Sentencing Memorandum for defendant Ramiro Velasco Jr., aka "Rome," who is a member of the "San Jose Grande" gang. Mr. Velasco has pleaded guilty to a single count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)—Possession with Intent to Distribute and Distribution of 50 Grams and More of Methamphetamine—for brokering a sale of approximately 883.1 grams (almost two pounds) of nearly pure methamphetamine for $3200 on October 30, 2020 by co-defendant Derek Brian Williams aka "Baby D" to a confidential source. Per the guidelines, Mr. Velasco's offense level is 31 and his criminal history category is VI, for a guidelines range of 188-235 months imprisonment. The government and Mr. Velasco entered into a plea

agreement under Fed. R. Crim. Proc. 11(c)(1)(B), wherein the government agreed to recommend a sentence of 96 months (8 years) imprisonment pursuant to 18 U.S.C. § 3553(a). The government does so here.

## II.      BACKGROUND ON DEFENDANT VELASCO

Mr. Velasco is 33-years old. He has been in and out of prison and jail since he was 18, despite having a child to care for since he was 17. He was shot when he was 25 years old for what appears to be his gang affiliation. That incident, and the fact that the bullet from it remains lodged in his spine, has not deterred him from engaging in gang-related crimes. Nor has his repeated incarceration.

### A.      Criminal Convictions

Mr. Velasco has an extensive criminal history. In 2008, he was convicted for possession of cocaine for sale (Cal. Health & Safety Code § 11351) and sentenced to state prison. In 2011, he was convicted in state court of felon-in-possession-of-a-firearm with a street gang enhancement and prison prior enhancement (Cal. Penal Code § 12021(a)), resulting in a five-year prison sentence. In 2015, he incurred a felony conviction for violating Cal. Penal Code § 69, which prohibits a defendant from (1) attempting, by means of any threat or violence, to deter or prevent a police officer from performing a duty or (2) knowingly resisting or using force or violence to resist the officer in the performance of their duty. *See* CALCRIM 2652. He initially served one year in jail, then after another law violation, the court revoked probation and sentenced him to a 16-month local prison sentence.

On May 28, 2018, Mr. Velasco was arrested for DUI (Cal. Veh. Code § 23152) in Visalia, California, and was arrested again for DUI there on July 6, 2018. These charges remained unresolved until two years later, on April 1, 2022, following Mr. Velasco's arrest for possession of cocaine during a traffic stop in Visalia on March 18, 2022, during which officers discovered outstanding arrest warrants on these DUI cases, as well as the arrest warrant for this federal case. After serving his 70-day sentence in state custody for those misdemeanor offenses, Mr. Velasco was transferred to federal custody where he has remained since.

Mr. Velasco still faces two state court cases. One is in Tulare County for a misdemeanor simple possession of narcotics, resulting from his arrest on March 18, 2022. The other is in Santa Clara County for multiple felony offenses in May 2020, which is discussed next.

**B.     Pending State Charges For Felon In Possession Of Firearm and Ammunition**

Mr. Velasco still faces several felony charges in Santa Clara County Superior Court case no. C2015174.  A warrant for his arrest with bail at $100,000 has been outstanding since November 2020.  He is charged in that case with felonies for being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), having a loaded firearm in a vehicle (Cal. Penal Code § 25850(a)), and being a felon in possession of ammunition (Cal. Penal Code § 30305(a)(1)).  That case resulted from a traffic stop on May 5, 2020, at 1:07 pm in San Jose.  Mr. Velasco was driving with a suspended license and was on probation at the time.  Because the officers smelled marijuana in the car, a probable cause search ensued to determine whether the amount possessed was within the legal limit.  In addition to marijuana, officers found in the passenger's purse a unserialized Polymer80 handgun (commonly called a "ghost gun") and a red bandana.  The firearm was loaded with four 9 mm bullets.  While Mr. Velasco and the passenger both denied knowledge of the firearm, a fingerprint analysis of the firearm confirmed that Mr. Velasco's left index finger's print was on it.  As discussed below, Mr. Velasco confirmed to San Jose Police Department officers during this May 2020 arrest that he claimed "Grande," but said he was no longer active.

**C.     Membership In The San Jose Grande Street Gang, An Indicted RICO Enterprise**

Mr. Velasco is a member of San Jose Grande (SJG), a Norteño street gang formed in San Jose, California in the 1990s, which is comprised of dozens of members operating primarily in and around San Jose as well as in custodial facilities.  He has the tattoo "SAN JOSE GRANDE" across his abdomen, and uses the gang moniker "Rome" for his gang activities, including the instant offense.  In addition to his gang-related tattoos, Mr. Velasco confirmed to San Jose Police Department officers during his May 2020 arrest that he claimed "Grande," but said he was no longer active.  Mr. Velasco said he had not "jumped out" (i.e., officially disassociated) but that he "just grew up."  Nonetheless, Mr. Velasco was wearing red shoes at that time and there was a red bandana in the passenger's purse, along with the loaded ghost gun that was found by police—red is associated with Norteño street gangs, like SJG.

SJG members commit a wide variety of crimes for the benefit of that gang, as well as for the benefit of the Norteño and la Nuestra Familia criminal organizations generally.  These crimes include,

1   but are not limited to, murder, conspiracy to commit and attempted murder, robbery, obstruction of

2   justice, witness intimidation, distribution of narcotics, and various firearms offenses. *See, e.g.*,

3   No. CR-21-00312 YGR (indictment against six other SJG members, not Velasco, alleging a pattern of

4   racketeering activity consisting of offenses involving (1) the distribution of controlled substances,

5   (2) acts involving robbery; and (3) acts involving murder).

6   **III.   OFFENSE CONDUCT**



7   In October 2020, Mr. Velasco made phone
8   calls and sent texts over several days to arrange
9   and facilitate co-defendant Williams's sale on
10  October 30, 2020 of almost two pounds of nearly
11  pure methamphetamine for $3,200 as shown here.
12  Mr. Velasco received $200 for facilitating the
13  transaction. The specific facts, restated from the parties' plea agreement, are as follows:

14  On October 15, 2020, in San Jose, California, a confidential source (CS) and Mr. Velasco

15  discussed the sale of crystal methamphetamine after they both attended a meeting of the SJG gang. Mr.

16  Velasco quoted a price of about $3,000 for a pound, which the CS confirmed was acceptable. Mr.

17  Velasco told the CS that he would contact the CS after Mr. Velasco secured the product. On October

18  23, 2020, Mr. Velasco called the CS and told the CS that his source of supply could get them a "pound"

19  in the next "few days," and then the CS told Mr. Velasco to call the CS back when Mr. Velasco was

20  back in San Jose because Mr. Velasco was in Tulare County at the time. Mr. Velasco also advised the

21  CS "to be on best behavior because this is a big guy," by which Mr. Velasco meant his source

22  distributed large quantities of narcotics. On October 26, 2020, Mr. Velasco called the CS and confirmed

23  the purchase was going to be $3,200 for a pound of crystal methamphetamine. On October 27 and 28,

24  2020, Mr. Velasco and the CS spoke by telephone and texted about the timing of the crystal

25  methamphetamine sale. On October 29, 2022, the CS called Mr. Velasco, who told the CS that his

26  source was going to be in San Jose, that he "was going to have a couple of them"—i.e., a couple of

27  pounds of methamphetamine—and "Don't trip he is good people, he is my peoples." On October 30,

28  2020, Mr. Velasco texted the CS and provided the contact information for co-defendant Derek Williams,

a.k.a. "Baby D," and confirmed that co-defendant Williams was going to sell the crystal methamphetamine to the CS. Later that same day, the CS and co-defendant Williams met in San Francisco, and co-defendant Williams delivered methamphetamine to the CS, who then gave co-defendant Williams $3,200. That crystal methamphetamine was subsequently submitted to the U.S. Drug Enforcement Administration lab for analysis, which determined that the methamphetamine had a net weight of 883.1 grams ± 0.2 grams, and with a purity of 97% ± 6%, for a total amount of pure methamphetamine of 856.6 grams ± 53.2 grams.

## IV.     SENTENCING RECOMMENDATION

The government recommends that the Court sentence Mr. Velasco to 96 months (8 years) imprisonment. Considering the factors set forth in 18 U.S.C. § 3553(a), the government believes this proposed sentence is sufficient, but not greater than necessary, to fulfill the needs of sentencing. First, Mr. Velasco's crime is serious. 18 U.S.C. § 3553(a)(2)(A). He facilitated the sale of almost two pounds of very pure methamphetamine; he was, at the time, a member in SJG. The recommendation reflects Mr. Velasco's continuing escalation of criminal conduct. 18 U.S.C. § 3553(a)(1). The period of incarceration also will protect the public during that time. *Id*. § 3553(a)(2)(C). At the same time, because this will be time spent in federal custody, it should serve as a break in his continuing link to the Norteño and the Nuestra Familia criminal organizations in the California prison system, and serve a deterrent effect not only on Mr. Velasco, but also on others who may view facilitating large methamphetamine transactions—and the occasional short jail sentence—as a mere cost of doing business, provided they are caught. 18 U.S.C. § 3553(a)(2)(B).

DATED: May 4, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

           /s/
DANIEL N. KASSABIAN
Assistant United States Attorney